**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROSEWOOD FARMS COUNTRY GIFTS, LLC, | ) | Civil Action |
| | ) | |
| | ) | No. 2:22-cv-01360-WSS |
| Plaintiff, | ) | |
| | ) | Judge William S. Stickman |
| v. | ) | |
| | ) | |
| CHRIS BEERS VENTURES LLC, d/b/a | ) | ***Electronically Filed*** |
| GRANDPA JOE'S CANDY SHOP, | ) | |
| | ) | |
| Defendant. | | |

**DEFENDANT CHRIS BEERS VENTURES LLC, D/B/A GRANDPA JOE'S CANDY
SHOP'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
TO ROSEWOOD FARMS COUNTRY GIFTS, LLC'S COMPLAINT**

Defendant Chris Beers Ventures LLC, d/b/a Grandpa Joe's Candy Shop (the "Candy Shop" or "Defendant"), by and through its undersigned counsel, answers Plaintiff Rosewood Farms Country Gifts, LLC's ("Rosewood" or "Plaintiff") Complaint ("Complaint") filed on September 22, 2022 as follows:

**OVERVIEW**

1.      The Candy Shop admits that registration certificates for U.S. Trademark Reg. No. 3220053 for GRANDPA JOE'S OLD FASHIONED CHOCOLATES; U.S. Trademark Reg. No. 6717263 for GRANDPA JOE'S CHOCOLATES; and U.S. Trademark Reg. No. 6717277 for GRANDPA JOE'S CANDY are attached as Exhibit A and are referred to in the Complaint and will be referred to herein in this Answer as the "Registered Marks." The Registered Marks, along with all alleged non-registered marks that Plaintiff claims to own, are referred to herein collectively as the "Rosewood Marks." The Candy Shop denies that Rosewood owns any or all of the Rosewood Marks. After a reasonable investigation, the Candy Shop is without sufficient

knowledge or information to admit or deny whether Rosewood owns the federal registrations for the Registered Marks for the goods identified therein, and therefore denies the same.

2.      The Candy Shop admits that a trademark registration application filed at U.S. Trademark Serial No. 97354124 for GRANDPA JOE'S is attached as Exhibit B.  The Candy Shop denies the remainder of the allegations of paragraph 2.

3.      The Candy Shop admits that a screen shot from www.grandpajoeschocolates.com is attached as Exhibit C.  The Candy Shop denies that Rosewood has continuously offered all of the goods listed in the registration certificates and trademark application for each of the Rosewood Marks in interstate commerce for the past 20 years.  The Candy Shop denies that the Rosewood Marks have been used in interstate commerce for the past 20 years.   After a reasonable investigation, the Candy Shop is without sufficient knowledge or information to admit or deny the remainder of the allegations of paragraph 3 and therefore denies the same.

4.      The Candy Shop admits that Defendant Chris Beers Ventures LLC (d/b/a Grandpa Joe's Candy Shop) ("Candy Shop") is a Pennsylvania domestic limited liability company formed on or about April 23, 2018.  The Candy Shop admits that it operates 14 brick-and-mortar stores in Florida, Ohio and Pennsylvania under the tradename and service mark GRANDPA JOE'S CANDY SHOP.      The    Candy    Shop    admits    that    it    has    a    website, www.grandpajoescandyshop.com, through which it provides online retail and wholesale store services nationally under the GRANDPA JOE'S CANDY SHOP tradename and service mark, a screenshot of which is provided as Exhibit D to the Complaint.  The Candy Shop denies the remainder of the allegations of paragraph 4, including specifically as follows: the Candy Shop denies that it expanded its business nationwide with wholesale sales only in or after the year 2020, as it began its wholesale business prior to 2020; the Candy Shop denies that its use of

GRANDPA JOE'S CANDY SHOP is confusingly similar to the Rosewood Marks; and the Candy Shop denies that the Candy Shop directly competes with Plaintiff.  To the extent this paragraph includes conclusions of law, no response is required to such averment.

5.      This paragraph includes conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

6.      This paragraph includes conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

7.      The Candy Shop admits that it reached out to Rosewood in May 2021.  The Candy Shop denies the remainder of the allegations of paragraph 7.

8.      The letters referenced in this paragraph are documents the contents of which speak for themselves.  By way of further response, the Candy Shop admits the letters were sent and received.

9.      The letters referenced in this paragraph are documents the contents of which speak for themselves.  By way of further response, the Candy Shop admits the letters were sent and received.

10.     The letters referenced in this paragraph are documents the contents of which speak for themselves.  By way of further response, the Candy Shop admits the letters were sent and received.

11.     The Candy Shop admits that it provides wholesale services, in part, through Anne McGilvray & Company ("AMC").   The Candy Shop denies the remainder of the allegations of paragraph 11.

12.     The Candy Shop denies that AMC has sent emails advertising the Candy Shop's products using "the Plaintiff's mark" – a mark that is not identified in the Complaint.  The Candy

Shop admits that the email attached as Exhibit E was sent from AMC. After a reasonable investigation, the Candy Shop is without sufficient knowledge or information to admit or deny the remainder of the allegations of paragraph 12 and therefore denies the same.

13.   This paragraph includes conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

14.   This paragraph includes conclusions of law to which no response is required. To the extent a response is required, the Candy Shop admits that Rosewood seeks monetary and injunctive relief in its Complaint but denies the remainder of the allegations of paragraph 14.

**PARTIES**

15.   This paragraph includes conclusions of law particularly regarding ownership of trademark rights and what constitutes usage of alleged trademarks to which no response is required. After a reasonable investigation, the Candy Shop is without sufficient knowledge or information to admit or deny the remainder of the allegations of paragraph 15 and therefore denies the same.

16.   Admitted.

17.   This paragraph includes conclusions of law to which no response is required. To the extent a response is required, the Candy Shop admits that the Candy Shop provides wholesale and retail store services, but denies that the Candy Shop directly competes with the Plaintiff.

**JURISDICTION AND VENUE**

18.   The Candy Shop admits that Rosewood alleges that this is an action for trademark infringement arising under 15 U.S.C. §§ 1114(1) and 1125. Further, this paragraph includes conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

Case 2:22-cv-01360-WSS   Document 11   Filed 12/19/22   Page 5 of 39

No. 2:22-cv-01360-WSS

19.   The Candy Shop does not contest subject matter jurisdiction in this case.  Further, this paragraph includes conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

20.   The allegations of this paragraph 20 are denied to the extent the allegations of this paragraph 20 relate to "Defendants" other than Defendant the Candy Shop who is the only Defendant named in the Complaint.  Otherwise the Candy Shop does not contest venue in this case.  Further, this paragraph includes conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

21.   The allegations of this paragraph 21 are denied to the extent the allegations of this paragraph 21 relate to "Defendants" other than Defendant the Candy Shop who is the only Defendant named in the Complaint. Otherwise the Candy Shop does not contest personal jurisdiction in this case.  Further, this paragraph includes conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

## ALLEGATIONS
### Plaintiff's Business and the Rosewood Marks

22.   The Candy Shop denies that Rosewood is a long-standing, well known company on a national level.  After a reasonable investigation, Defendant is without knowledge or information sufficient to attest to the accuracy of the remainder of the allegations in this paragraph, and thus, denies the allegations of this paragraph.

23.   The Candy Shop admits that Rosewood purports to have a website at www.grandpajoeschocolates.com.   After a reasonable investigation, Defendant is without knowledge or information sufficient to attest to the accuracy of the remainder of the allegations in this paragraph, and thus, denies the allegations of this paragraph.

5

24.     Denied.  Further, this paragraph includes conclusions of law to which no response is required.

25.     Denied.

26.     Denied.

27.     Denied.  Further, this paragraph includes conclusions of law to which no response is required.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     The Candy Shop admits that Rosewood purports to operate a website at www.grandpajoeschocolates.com.  The Candy shop denies the remainder of the allegations of paragraph 32.

33.     Denied.

34.   This paragraph includes conclusions of law to which no response is required.  To the extent a response is required, the Candy Shop denies the allegations of paragraph 34.

35.     Denied.  Further, this paragraph includes conclusions of law to which no response is required.

36.     Denied.  Further, this paragraph includes conclusions of law to which no response is required.

37.     Denied.  Further, this paragraph includes conclusions of law to which no response is required.

38.   Denied.  Further, this paragraph includes conclusions of law to which no response is required.

39.   This paragraph includes conclusions of law to which no response is required.  To the extent a response is required, the Candy Shop denies the allegations of paragraph 39.

40.   It is admitted that Rosewood is listed as the owner of the registrations and application attached as Exhibits A and B of the Complaint.  The remainder of the allegations of this paragraph 40 are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

41.   This paragraph includes conclusions of law to which no response is required.  To the extent a response is required, the Candy Shop denies the allegations of paragraph 41.

**Defendants' Business and [Allegedly] Infringing Conduct**

42.   The Candy Shop admits that it provides wholesale and retail store services related to candy, chocolates, snacks and other products of others through brick-and-mortar stores and online through its website.  The remainder of the allegations of this paragraph 42 are denied.

43.   The Candy Shop admits that it provides wholesale and retail store services, including the taking of orders, related to candies, chocolates, snacks and other products of others using its website in interstate commerce.  The remainder of the allegations of this paragraph 43 are denied.

44.   The Candy Shop admits that it uses the tradename and service mark GRANDPA JOE'S CANDY SHOP in providing wholesale and retail store services, including shipping products of others bearing their own respective trademarks, nationwide across the United States including within this Judicial District.  The remainder of the allegations of this paragraph 44 are denied.

45.    The term "the marks" is undefined in paragraph 45 of the Complaint and therefor the Candy Shop denies that it was aware of such undefined "marks." The Candy Shop only first learned of the existence of Rosewood and its use of the name GRANDPA JOE'S OLD FASHIONED CHOCOLATES around the beginning of May 2021. The remaining allegations of this paragraph are denied.

46.    The Candy Shop admits that it provides wholesale and retail store services including selling sodas under the tradename and service mark GRANDPA JOE'S OLD FASHIONED SODA POP. The Candy Shop states that it is unaware that Plaintiff ever even alleged it has used the purported Rosewood Marks in relation to sodas, so it is uncertain how Plaintiff's rights could even be alleged to be infringed where there is no claim of prior use of the mark in relation to sodas. The Candy Shop denies the remainder of the allegations of paragraph 46. Further, this paragraph 46 includes conclusions of law to which no response is required.

## FIRST CLAIM FOR RELIEF
### ([Alleged] Trademark Infringement of Federally Registered Trademark Nos. 3927138 and 5179283 under 15 U.S.C. § 1114(1))

47.    The Candy Shop repeats and re-alleges its answers set forth in response to the averments in the paragraphs of the Complaint above as if fully set forth herein.

48.    Denied. Further, this paragraph includes conclusions of law to which no response is required.

49.    This paragraph includes conclusions of law to which no response is required. To the extent a response is required, the Candy Shop denies the allegations of paragraph 49. The Candy Shop further specifically denies it has committed trademark infringement of Federally Registered Trademark Nos. 3927138 and 5179283 for FIRE CAM or that Rosewood owns or can assert infringement of these registered trademarks. The Candy Shop further specifically denies that

trademark infringement under 15 U.S.C. § 1114(1) of the unregistered trademark application for GRANDPA JOE'S can occur as a matter of law.

50.    Denied.  Further, this paragraph includes conclusions of law to which no response is required.

51.    Denied.  Further, this paragraph includes conclusions of law to which no response is required.

52.    Denied.  Further, this paragraph includes conclusions of law to which no response is required.

53.    Denied.  Further, this paragraph includes conclusions of law to which no response is required.

54.    This paragraph includes conclusions of law to which no response is required.  To the extent a response is required, the Candy Shop denies the allegations of paragraph 54.

55.    This paragraph includes conclusions of law to which no response is required.  To the extent a response is required, the Candy Shop denies the allegations of paragraph 55.

56.    This paragraph includes conclusions of law to which no response is required.  To the extent a response is required, the Candy Shop denies the allegations of paragraph 56.

57.    Denied.  Further, this paragraph includes conclusions of law to which no response is required.

58.    Denied.  Further, this paragraph includes conclusions of law to which no response is required.

## SECOND CLAIM FOR RELIEF
### ([Alleged] False Designation of Origin/Trademark Infringement Under 15 U.S.C. § 1125(a))

59.    The Candy Shop repeats and re-alleges its answers set forth in response to the averments in the paragraphs of the Complaint above as if fully set forth herein.

60.    This paragraph includes conclusions of law to which no response is required.  To the extent a response is required, the Candy Shop denies the allegations of paragraph 60.

61.    Denied.  Further, this paragraph includes conclusions of law to which no response is required.

62.    This paragraph includes conclusions of law to which no response is required.  To the extent a response is required, the Candy Shop denies the allegations of paragraph 62.

63.    Denied.  Further, this paragraph includes conclusions of law to which no response is required.

64.    This paragraph includes conclusions of law to which no response is required.  To the extent a response is required, the Candy Shop denies the allegations of paragraph 64.

65.    Denied.  Further, this paragraph includes conclusions of law to which no response is required.

66.    Denied.  Further, this paragraph includes conclusions of law to which no response is required.

67.    Denied.  Further, this paragraph includes conclusions of law to which no response is required.

68.    Denied.  Further, this paragraph includes conclusions of law to which no response is required.

69.    This paragraph includes conclusions of law to which no response is required.  To the extent a response is required, the Candy Shop denies the allegations of paragraph 69.

70.    This paragraph includes conclusions of law to which no response is required.  To the extent a response is required, the Candy Shop denies the allegations of paragraph 70.

71.   This paragraph includes conclusions of law to which no response is required.  To the extent a response is required, the Candy Shop denies the allegations of paragraph 71.

72.   This paragraph includes conclusions of law to which no response is required.  To the extent a response is required, the Candy Shop denies the allegations of paragraph 72.

73.   Denied.  Further, this paragraph includes conclusions of law to which no response is required.

74.   Denied.  Further, this paragraph includes conclusions of law to which no response is required.

### THIRD CLAIM FOR RELIEF
### ([Alleged] Unfair Competition)

75.   The Candy Shop repeats and re-alleges its answers set forth in response to the averments in the paragraphs of the Complaint above as if fully set forth herein.

76.   This paragraph includes conclusions of law to which no response is required.  To the extent a response is required, the Candy Shop denies the allegations of paragraph 76.

77.   Denied.  Further, this paragraph includes conclusions of law to which no response is required.

78.   Denied.  Further, this paragraph includes conclusions of law to which no response is required.

79.   This paragraph includes conclusions of law to which no response is required.  To the extent a response is required, the Candy Shop denies the allegations of paragraph 79.

80.   Denied.  Further, this paragraph includes conclusions of law to which no response is required.

81.   Denied.  Further, this paragraph includes conclusions of law to which no response is required.

## RESPONSE TO ROSEWOODS'S DEMAND FOR JUDGMENT

The remainder of the Complaint recites a demand for judgment to which no response is required. To the extent any response is required, the Candy Shop denies that Rosewood has any valid cause of action, and the Candy Shop denies that Rosewood is entitled to any relief. Accordingly, the Candy Shop asks that each of Rosewood's claims be dismissed with prejudice and that the Court decline to grant Rosewood any relief requested in its Demand for Judgment.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST AFFIRMATIVE DEFENSE
#### (Non-Infringement)

The Candy Shop has not done anything likely to cause confusion, mistake, or confusion regarding sponsorship or affiliation with respect to Rosewood or Rosewood's products, as demonstrated by the differences between the parties' names, marks, products, services, channels of trade, customers, and trade dress and the use of other source identifying indicia of origin in connection with the Candy Shop's products and services.

### SECOND AFFIRMATIVE DEFENSE
#### (Laches)

Based on Rosewood's allegations and admissions, Rosewood had knowledge of the Candy Shop's purported activity well before filing the Complaint. Rosewood has unreasonably delayed in bringing its claims. This unreasonable delay has prejudiced the Candy Shop and thus bars Rosewood from recovery based on the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE
#### (Equitable Estoppel/Acquiescence)

Based on Rosewood's allegations and admissions, Rosewood had knowledge of the Candy Shop's purported activity well before filing the Complaint. Rosewood's own actions, including Rosewood's failure to engage in discussions with the Candy Shop in May 2021, reasonably led

the Candy Shop to believe Rosewood had knowledge of and acquiesced to the complained of activities. Rosewood has unreasonably delayed in bringing its claims. This unreasonable delay combined with Rosewood's actions have prejudiced the Candy Shop and thus bars Plaintiff from recovery based on the doctrines of equitable estoppel/acquiescence. Further, Rosewood intentionally engaged in a pattern and practice of attempting to file improper trademark applications in an effort to claim rights that it knew were not exclusive to Rosewood, and for which it does not have any basis to claim actual rights for the goods implicated.

### FOURTH AFFIRMATIVE DEFENSE
### (Unavailability Of Injunctive Relief)

Rosewood is not entitled to injunctive relief (temporarily, preliminarily, or permanently), because, *inter alia*, any injury to it is not immediate or irreparable, Rosewood would have an adequate remedy at law, the balance of hardships favors no injunction, and the public interest is best served by no injunction.

### FIFTH AFFIRMATIVE DEFENSE
### (Failure To State A Claim)

Rosewood has failed to state a claim upon which relief can be granted, in law or in equity.

### SIXTH AFFIRMATIVE DEFENSE
### (Fraud in Obtaining Trademark Registrations)

Rosewood's U.S. Trademark Reg. No. 6717263 for GRANDPA JOE'S CHOCOLATES and U.S. Trademark Reg. No. 6717277 for GRANDPA JOE'S CANDY were obtained fraudulently and thus should be cancelled pursuant to 15 U.S.C § 1064(3). Rosewood is further seeking to fraudulently obtain another trademark registration by filing and pursuing U.S. Trademark Serial No. 9734124 for GRANDPA JOE'S.

## SEVENTH AFFIRMATIVE DEFENSE
### (Abandonment)

Upon information and belief, Plaintiff has abandoned any trademark rights it may have had in at least GRANDPA JOE'S OLD FASHIONED CHOCLATES, GRANDPA JOE'S CHOCOLATES, GRANDPA JOE'S CANDY, and GRANDPA JOE'S by failing adequately to police, monitor or control third parties using such terms in connection with the goods, failing to use such terms in connection with the goods, and/or failing to treat such terms as trademarks.

## EIGHTH AFFIRMATIVE DEFENSE
### (Priority)

Rosewood's claims fail because the Candy Shop used GRANDPA JOE'S CANDY SHOP and GRANDPA JOE'S prior to any alleged trademark rights to those specific marks that Rosewood can establish.

## JURY DEMAND

The Candy Shop demands a jury trial on all issues so triable.

## COUNTERCLAIMS

Defendant/Counterclaim Plaintiff Chris Beers Ventures LLC, d/b/a Grandpa Joe's Candy Shop (the "Candy Shop" or "Counter-Plaintiff"), by and through its attorneys, hereby bring the following counterclaims against Plaintiff/Counterclaim Defendant Rosewood ("Rosewood" or "Counter-Defendant") pursuant to Rule 13 of the Federal Rules of Civil Procedure, alleging as follows:

## PARTIES

1.     Counter-Plaintiff the Candy Shop is a Pennsylvania limited liability company with an address at 663 Woodland Road, Canonsburg, Pennsylvania 15317.

2.     In its Complaint, Counter-Defendant Rosewood alleges that it is a Missouri limited liability company with its principal place of business located at 7345 Highway 5, Hartville, Missouri 65667.

## JURISDICTION AND VENUE

3.     This is an action for declaratory judgment arising under (i) the Trademark Laws of the United States, 15 U.S.C. § 1051, *et seq.* (the "Trademark Act"); (ii) 15 U.S.C. § 1125, et seq. (the "Lanham Act"); (iii) 15 U.S.C. § 1119; and 28 U.S.C. §§ 2201 and 2202 (the "Declaratory Judgment Act").

4.     This Court has jurisdiction over these counterclaims under 28 U.S.C. §§ 1331, 1332, 1338, 1367, 2201, and 2202; and 15 U.S.C. § 1121.

5.     Rosewood has consented to personal jurisdiction by filing its Complaint and advancing its claim in this Judicial District.

6.     Venue for these counterclaims is appropriate pursuant to 28 U.S.C. § 1391.

7.     By filing this Complaint, Rosewood has sought to impose liability on the Candy Shop for alleged trademark infringement, alleged false designation of origin, and alleged unfair competition under federal law.   The Candy Shop is not liable for the alleged trademark infringement, alleged false designation of origin, and alleged unfair competition.   Consequently, an actual controversy exists between the parties with respect to Rosewood's allegations of liability based on the claims set forth in Rosewood's Complaint.

## FACTUAL BACKGROUND

8.     The Candy Shop started as a retail candy shop in Pittsburgh, PA in 2012, and has grown into a national and international wholesale and retail store that has 14 retail locations throughout Pennsylvania, Ohio, and Florida, as well as a significant worldwide presence and

business on-line through its website www.grandpajoescandyshop.com, and social media accounts including on Facebook, Instagram, Twitter and Tik Tok.

9.   The Candy Shop has used the tradenames and service marks GRANDPA JOE'S CANDY SHOP and GRANDPA JOE'S in connection with its wholesale and retail store services since they were started in May 2012.  The GRANDPA JOE'S CANDY SHOP tradename and service mark is often displayed as part of a bright blue and white stylized retro-font logo such as the following:



10.   The tradenames and service marks GRANDPA JOE'S CANDY SHOP and GRANDPA JOE'S and the bright blue and white stylized retro-font logo are displayed on the Candy Shop's Instagram account as follows:



11.    The tradename and service mark GRANDPA JOE'S CANDY SHOP has been used in association with the Candy Shop's Twitter account since its inception in June 2013.   For example, the Candy Shop's twitter account currently prominently displays the tradename and service mark GRANDPA JOE'S CANDY SHOP as follows:



12.    The Candy Shop also employs unique trade dress in the form of bright red and white vertical stripes and bright blue colors on and in its retail stores as well as on-line and on its social media accounts.   The tradenames and service marks GRANDPA JOE'S CANDY SHOP and GRANPA JOE'S and the Candy Shop's trade dress in the form of bright red and white vertical stripes and bright blue colors, and its retro-font logo, are uniquely associated with the Candy Shop,

and have been in use by the Candy Shop since at least as early as 2012 in connection with wholesale and retail store services featuring a variety of different goods primarily supplied by third parties, including, without limitation, candy, chocolates, beverages, snacks, gifts, games, toys, novelties, memorabilia, and clothing among other items.

13.   The bright red and white vertical strips and bright blue colors are used and displayed as trade dress on and in the Candy Shop's retail stores, on and in connection with its wholesale and retail store services and website, and on its social media accounts since their inception.   For example, the Candy Shop's original retail location in Pittsburgh, PA, since the summer of 2013has displayed the unique and distinctive bright red and white vertical strips, and a few months later, the bright blue colors, comprising the Candy Shop's trade dress along with the GRANPA JOE'S CANDY SHOP tradename and service mark on the outside front of the store as follows:



As another example, the Candy Shop's website www.grandpajoescandyshop.com displays the unique and distinctive bright red and white vertical strips and bright blue colors comprising the

Candy Shop's trade dress along with the GRANPA JOE'S CANDY SHOP tradename and service mark as follows:



As a further example, the Candy Shop's Facebook account displays the unique and distinctive bright red and white vertical strips and bright blue colors comprising the Candy Shop's trade dress along with the GRANPA JOE'S CANDY SHOP tradename and service mark:



14.   The Candy Shop thus has long-standing usage and thus common law rights in the tradenames and service marks GRANDPA JOE'S CANDY SHOP and GRANPA JOE'S, as well as its retro logo and bright red, white, and blue trade dress throughout the United States.

15.   Around the beginning of May 2021, the Candy Shop first learned of the existence of Rosewood and its use of the name GRANDPA JOE'S OLD FASHIONED CHOCOLATES in association with chocolate products, and not in association with any retail or wholesale services.

16.   The Candy Shop had never experienced, and still has not experienced, any instances of actual confusion between the Candy Shop's use of GRANDPA JOE'S CANDY SHOP or GRANDPA JOE'S and Rosewood's alleged trademarks.

17.   The Candy Shop, although conducting nationwide wholesale and retail store services featuring candy and chocolates supplied by third parties among other products, was and still is unaware of any industry or national recognition of Rosewood or its alleged trademarks and products.

18.   Upon information and belief, Rosewood operates a single retail gift store in the Ozarks region of Missouri called "Rosewood Farms" and/or "Rosewood Farms Country Gifts" at which it sells homemade chocolate products wherein some of the products bear the name GRANDPA JOE'S OLD FASHIONED CHOCOLATES.  Rosewood also now currently offers a website at http://www.grandpajoeschocolates.com/, the domain name for which was, on information and belief, created on or about June 8, 2005, on which it purports to sell homemade chocolate products under the name GRANDPA JOE'S OLD FASHIONED CHOCOLATES.

19.   On or about May 3 or 4, 2021, Chris Beers, the President of the Candy Shop, reached out to Rosewood via telephone to discuss Rosewood's use of GRANDPA JOE'S OLD FASHIONED CHOCOLATES on goods and the coexistence of the GRANDPA JOE'S CANDY

SHOP and GRANDPA JOE'S tradenames and service marks used by the Candy Shop. Rosewood's representative, an individual named Melody Boyster, was not receptive to Mr. Beers' inquiries but did not threaten any action against the Candy Shop's use of GRANDPA JOE'S CANDY SHOP or GRANDPA JOE'S. Rather, Rosewood's representative admitted on the phone call that Rosewood had been aware of the Candy Shop for some time.

20.     The Candy Shop has in fact received substantial nationwide mass media TV and internet coverage over the years including:

- in May 2017 related to its pickle juice soda product including, for example, on *CNN HLN Morning Express* with Robin Meade, *Live with Kelly & Ryan*, *World News Now*, local TV channels throughout the United States, www.delish.com, and mashable.com;

- in Summer 2018 related to its pickle cotton candy product including, for example, in *People Magazine*, local TV stations throughout the United States, and www.southernthing.com;

- in Summer 2019 related to its pickle Oreo product including, for example, on *The Today Show*, www.delish.com, and www.insider.com; and

- in December 2018 related to a monolith outside of its retail location in Pittsburgh including on *USA Today*, *Reuters*, *Fox News*, the *New York Post*, and the *Los Angeles Times,* among other outlets and sources.

Thus, on information and belief, Rosewood was well aware of the Candy Shop, its nationwide business and goodwill, and its nationally known services and products by the time Mr. Beers contacted Rosewood because of the Candy Shop's well-established national presence.

21.    Unbeknownst to the Candy Shop, almost immediately after Mr. Beers' phone call to Rosewood, Rosewood opportunistically filed trademark applications for GRANDPA JOE'S CHOCOLATES and GRANDPA JOE'S CANDY on May 5, 2021, as shown in Exhibit A to the Complaint.  These applications were filed after the Candy Shop had confirmed that Rosewood knew of the Candy Shop and its nation-wide presence and services.

22.    Upon information and belief, Rosewood submitted its trademark applications including the declarations of its alleged use of the GRANDPA JOE'S CHOCOLATES and GRANDPA JOE'S CANDY trademarks, and dates of first use of those trademarks in U.S. commerce, and subsequent communications with the USPTO, with willful intent to deceive the USPTO to obtain a registration for GRANDPA JOE'S CHOCOLATES and GRANDPA JOE'S CANDY, covering goods that it did not offer in the United States under those marks, did not at that time offer in the United States under those marks, and/or did not offer during the alleged dates of first use in the United States under those marks.

23.    Rosewood did the same thing by later filing an application for registration for GRANDPA JOE'S that contains the same types of fraudulent misrepresentations as to the goods on which it uses the mark and the allegations relating to such use.  In particular, Rosewood was not using, upon information and belief, GRANDPA JOE'S as of January 15, 2002, on at least the following goods:  Salsa; Chocolate cakes; Chocolate food beverages not being dairy-based or vegetable based; Chocolate-based beverages; Chocolate-based beverages with milk; Dipping sauces; Salsa con queso; Salsa sauces; Sauce mixes; Sauces for barbecued meat; Barbeque sauce; Beverages with a chocolate base; Caramel sauce; Chicken wing sauce; Chili sauce; Cocktail sauces; Condiment, namely, pepper sauce; Cooking sauces; Cranberry sauce; Dairy-free chocolate; Food condiment consisting primarily of ketchup and salsa; Fresh fruits cut into flower

shapes and at least partially coated with chocolate; Fruit sauces; Fruit jelly candy; Garlic-based sauces; Gift baskets containing candy; Grilling sauces; Habanero sauce; Honey mustard sauce; Hot chocolate; Hot chocolate mixes; Hot sauce; Hot chili pepper sauce; Picante sauce; Ready-made sauces; Salad sauces; Savory sauces used as condiments; Sloppy Joe Sauce; Snack mix consisting primarily of crackers, pretzels and/or popped popcorn; Sweet and sour sauce; Taco sauce; Teriyaki sauce; Tomato-based salsa; Tomato-based sauces.

24.    Rosewood's prior registrations for the marks GRANDPA JOE'S CANDY (Reg. No. 6717277, filed May 5, 2021 and registered May 3, 2002), GRANDPA JOE'S CHOCOLATES (Reg. No. 6717263, filed May 5, 2021 and registered May 3, 2022), and GRANDPA JOE'S OLD FASHIONED CHOCOLATES (Reg. No. 3220053, filed May 19, 2006 and registered March 20, 2007), which generically identify "Candy", "Chocolate" and "Candies", respectively, as goods among other goods, do not identify or list as goods the specific goods listed and identified above in Rosewood's application for GRANDPA JOE'S.

25.    The Internet Archive Wayback Machine (https://archive.org/web/) preserves archived copies of Rosewood's website (https://www.grandpajoeschocolates.com/) from May 15, 2007 (the earliest date available), May 18, 2007, July 13, 2007, July 15, 2007, February 12, 2010, March 16, 2010, and October 5, 2013, copies of which are attached hereto as Exhibit 1, among other dates, that do not show or evidence that Rosewood was using the GRANDPA JOE'S mark on or in connection with the goods identified above as of those dates, let alone the earlier alleged date of first use of January 15, 2002.

26.    On information and belief, Rosewood sought to submit trademark applications allegedly covering goods of the nature offered by the Candy Shop through its GRANDPA JOE'S CANDY SHOP and GRANDPA JOE'S tradenames and service marks in an effort to impede the

Candy Shop's business and interfere with its senior rights to its tradenames and service marks in association with its retail and wholesale services.

27.    It was not until the Candy Shop received a letter from Rosewood's counsel on October 26, 2021, over five months after Mr. Beers had called Rosewood, that the Candy Shop received any communication from Rosewood taking issue with the Candy Shop's use of the GRANDPA JOE'S CANDY SHOP tradename and service mark.

## FIRST COUNTERCLAIM
## CANCELLATION OF REGISTRATION NO. 6717263

28.    The Candy Shop realleges and incorporates by reference all preceding allegations in its Counterclaims.

29.    This counterclaim is brought under 15 U.S.C. § 1051 *et. seq.* based upon at least an intentionally false and fraudulent misstatement of the goods and the dates of use recited in the application for the standard character word mark GRANDPA JOE'S CHOCOLATES (U.S. Reg. No. 6717263), as well as for nonuse of the mark for goods enumerated in this registration.

30.    The trademark registration for GRANDPA JOE'S CHOCOLATES claims a date of first use and a date of first use in US interstate commerce, both January 15, 2002, for goods that, upon information and belief, Rosewood was not offering and/or not using the GRANDPA JOE'S CHOCOLATES trademark on or in connection with the sale or offer for sale of as of January 15, 2002.

31.    In particular, Rosewood was not using, upon information and belief, GRANDPA JOE'S CHOCOLATES as of January 15, 2002, on at least the following goods: Chocolate covered cookies; Chocolate covered fruit; Chocolate covered pretzels; Chocolate covered raisins; Chocolate mousses; Chocolate sauce; Chocolate spreads containing nuts; Chocolate syrup;

Chocolate syrups; Chocolate topped pretzels; Chocolate-based fillings for cakes and pies; Trail mix consisting primarily of pretzels, popcorn, and crackers, and also including Chocolate.

32.     The Internet Archive Wayback Machine (https://archive.org/web/) preserves archived copies of Rosewood's website (https://www.grandpajoeschocolates.com/) from May 15, 2007 (the earliest date available), May 18, 2007, July 13, 2007, July 15, 2007, February 12, 2010, March 16, 2010, and October 5, 2013, copies of which are attached hereto as Exhibit 1, among other dates, that do not show or evidence that Rosewood was using the GRANDPA JOE'S CHOCOLATES trademark on or in connection with at least the goods identified above as of those dates let alone the earlier alleged date of first use of January 15, 2002.

33.     On information and belief, Rosewood fraudulently and intentionally misstated its goods and dates of first use in its USPTO application for GRANDPA JOE'S CHOCOLATES filed on May 5, 2021, that later issued as U.S. Reg. No. 6717263, by claiming goods that it did not provide during the dates of use it alleges in connection with the GRANDPA JOE'S CHOCOLATES mark.

34.     On information and belief, Rosewood made a false statement in its application for GRANDPA JOE'S CHOCOLATES by claiming goods it does not or did not provide in connection with the GRANDPA JOE'S CHOCOLATES mark on the dates of first use alleged.   On information and belief, Rosewood filed this fraudulent application in an attempt to leverage the eventual registration against the Candy Shop.  Due to the fraudulent and intentional nature of these false statements, Rosewood's U.S. Reg. No. 6717263 should be cancelled.

35.     On information and belief, Rosewood's statement that its mark was in use with the identified goods at the time and/or by the dates of first use alleged in the application for GRANDPA JOE'S CHOCOLATES was filed was false, material, made knowingly and with an

intent to deceive in an attempt to predate the Candy Shop's use of its tradenames and service marks.  Rosewood made a fraudulent representation in its application for U.S. Reg. No. 6717263, and as such the registration should be cancelled in its entirety.

36.    On information belief, Rosewood never offered some or all the goods during the dates of first use alleged in connection with the GRANDPA JOE'S CHOCOLATES mark, and therefore Rosewood's resulting U.S. Reg. No. 6717263, should be cancelled because the registration was based on a false statement of the goods and dates of first use, which statement was material and made with an intent to deceive in an attempt to predate the Candy Shop's use of its tradenames and service marks.  On information and belief, Rosewood misstated its goods and dates of first use on its application for U.S. Reg. No. 6717263, thereby invalidating its registration.

37.    On information and belief, Rosewood misstated its dates of first use in its application for GRANDPA JOE'S CHOCOLATES with intent to deceive the USPTO in an attempt to predate the Candy Shop's use of its tradenames and service marks.

38.    Further, in its application for GRANDPA JOE'S CHOCOLATES dated May 5, 2021, Rosewood, through its signatory Melody Boyster, falsely attested: "To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive."  *See* Exhibit A to Complaint.  Rosewood did not disclose the Candy Shop's prior or concurrent use of the tradenames and service marks GRANDPA JOE'S CANDY SHOP and GRANDPA JOE'S to the USPTO and agreed to this statement despite the fact that Rosewood was aware of and had been made aware of the Candy Shop's prior and concurrent use of the tradenames and service marks GRANDPA JOE'S CANDY SHOP and GRANDPA JOE'S

in at least the May 2021 phone call with Mr. Beers and subsequent correspondence with the Candy Shop's counsel.  On information and belief, Rosewood omitted its knowledge of the Candy Shop's prior and concurrent use of the tradenames and service marks GRANDPA JOE'S CANDY SHOP and GRANDPA JOE'S in its application for GRANDPA JOE'S CHOCOLATES that resulted in U.S. Reg. No. 6717263 with the intent to deceive the USPTO in an attempt to predate the Candy Shop's use of the GRANDPA JOE'S CANDY SHOP and GRANDPA JOE'S tradenames and service marks.

39.    The Candy Shop will be damaged by U.S. Reg. No. 6717263 and seeks to cancel the same.  Namely, U.S. Reg. No. 6717263, based on its overbroad and fraudulent listing of products and dates of first use, may preclude the Candy Shop from obtaining its own federally registered trademark for GRANDPA JOE'S CANDY SHOP or GRANDPA JOE'S, or potentially prevent the Candy Shop from using or expanding its use of its tradenames and service marks GRANDPA JOE'S CANDY SHOP and GRANDPA JOE'S even though the Candy Shop used the GRANDPA JOE'S CANDY SHOP and GRANDPA JOE'S tradenames and service marks in connection with the products and services it provides prior to Rosewood's application and U.S. Reg. No. 6717263 for GRANDPA JOE'S CHOCOLATES.

40.    The Candy Shop will be damaged by continued registration by Rosewood of the GRANDPA JOE'S CHOCOLATES mark.

41.    A judicial declaration canceling U.S. Reg. No. 6717263 for GRANDPA JOE'S CHOCOLATES is necessary and appropriate to resolve this controversy between the parties and afford the Candy Shop complete relief.

42.    For the foregoing reasons, the Court should order cancellation, pursuant to 15 U.S.C. § 1064(3), of U.S. Trademark Registration No. 6717263 for GRANPA JOE'S CHOCOLATES.

43.     The willful and intentional nature of Rosewood's conduct makes this an exceptional case under 15 U.S.C. § 1117(a).

44.     Given that this registration was obtained through willful fraud and intentional misrepresentation, any allegation of incontestability does not preclude cancellation pursuant to the terms of the Lanham Act.

**SECOND COUNTERCLAIM**
**CANCELLATION OF REGISTRATION NO. 6717277**

45.     The Candy Shop realleges and incorporates by reference all preceding allegations in its Counterclaims.

46.     This counterclaim is brought under 15 U.S.C. § 1051 *et. seq.* based upon at least an intentionally false and fraudulent misstatement of the goods and the dates of use recited in the application and registration for the standard character word mark GRANDPA JOE'S CANDY (U.S. Reg. No. 6717277), as well as for nonuse of the mark for the goods enumerated in this registration.

47.     The trademark registration for GRANDPA JOE'S CANDY claims a date of first use and a date of first use in US interstate commerce, both November 16, 2008, for goods that, upon information and belief, Rosewood was not offering and/or not using the GRANDPA JOE'S CANDY trademark on, or in connection with the sale or offer for sale of, as of November 16, 2008.

48.     In particular, Rosewood was not using, upon information and belief, GRANDPA JOE'S CANDY as of November 16, 2008, on at least the following: Candy bark; Candy canes; Candy mints; Candy necklaces; Candy sprinkles; Candy-coated popcorn; Cotton candy; Gummy candies; Hard candies; Hard candy; Mexican candy; Peppermint candy; Rock candy.

49.   The Internet Archive Wayback Machine (https://archive.org/web/) preserves archived copies of Rosewood's website (https://www.grandpajoeschocolates.com/) from February 12, 2010, March 16, 2010, and October 5, 2013, copies of which are attached hereto as part of Exhibit 1, among other dates, that do not show or evidence that Rosewood was using the GRANDPA JOE'S CANDY mark on or in connection with at least the goods identified above as of those dates, let alone the earlier alleged date of first use of November 16, 2008.

50.   On information and belief, Rosewood fraudulently and intentionally misstated its goods and dates of first use in its USPTO application for GRANDPA JOE'S CANDY filed on May 5, 2021, that later issued as U.S. Reg. No. 6717277, by claiming goods that it did not provide during the dates of use it alleges in connection with the GRANDPA JOE'S CANDY mark.

51.   On information and belief, Rosewood made a false statement in its application for GRANDPA JOE'S CANDY by claiming goods it does not or did not provide in connection with the GRANDPA JOE'S CANDY mark on the dates of first use alleged.  On information and belief, Rosewood filed this fraudulent application in an attempt to leverage the eventual registration against the Candy Shop.  Due to the fraudulent and intentional nature of these false statements, Rosewood's U.S. Reg. No. 6717277 should be cancelled.

52.   On information and belief, Rosewood's statement that its trademark was in use with the identified goods at the time and/or by the dates of first use alleged in the application for GRANDPA JOE'S CANDY was filed was false, material, made knowingly and with an intent to deceive in an attempt to predate the Candy Shop's use of its tradenames and service marks. Rosewood made a fraudulent representation in its application for U.S. Reg. No. 6717277, and as such the registration should be cancelled in its entirety.

53.    On information belief, Rosewood never offered some or all of the goods during the dates of first use alleged in connection with the GRANDPA JOE'S CANDY mark, and therefore Rosewood's resulting U.S. Reg. No. 6717277, should be cancelled because the registration was based on a false statement of the goods and dates of first use, which statement was material and made with an intent to deceive in an attempt to predate the Candy Shop's use of its tradenames and service marks.  On information and belief, Rosewood misstated its goods and dates of first use on its application for U.S. Reg. No. 6717277, thereby invalidating Rosewoods registration.

54.    On information and belief, Rosewood misstated its dates of first use in its application for GRANDPA JOE'S CANDY with intent to deceive the USPTO in an attempt to predate the Candy Shop's use of its tradenames and service marks.

55.    Further, in its application for GRANDPA JOE'S CANDY dated May 5, 2021, Rosewood, through its signatory Melody Boyster, falsely attested: "To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive." *See* Exhibit A to Complaint.  Rosewood did not disclose the Candy Shop's prior or concurrent use of the tradenames and service marks GRANDPA JOE'S CANDY SHOP and GRANDPA JOE'S to the USPTO and agreed to this statement despite the fact that it was aware of and had been made aware of the Candy Shop's prior or concurrent use of the tradenames and service marks GRANDPA JOE'S CANDY SHOP and GRANDPA JOE'S in at least the May 2021 phone call with Mr. Beers and subsequent correspondence with the Candy Shop's counsel.  On information and belief, Rosewood omitted its knowledge of the Candy Shop's prior or concurrent use of the name and mark GRANDPA JOE'S CANDY SHOP and GRANDPA

JOE'S in its application for GRANDPA JOE'S CANDY that resulted in U.S. Reg. No. 6717277 with the intent to deceive the USPTO in an attempt to predate the Candy Shop's use of the GRANDPA JOE'S CANDY SHOP and GRANDPA JOE'S tradenames and service marks.

56.    The Candy Shop will be damaged by U.S. Reg. No. 6717277 and seeks to cancel the same.  Namely, U.S. Reg. No. 6717277, based on its overbroad and fraudulent listing of products and dates of first use, may preclude the Candy Shop from obtaining its own federally registered trademark for GRANDPA JOE'S CANDY SHOP or GRANDPA JOE'S, or potentially prevent the Candy Shop from using or expanding its use of its tradenames and service marks GRANDPA JOE'S CANDY SHOP and GRANDPA JOE'S even though the Candy Shop used the GRANDPA JOE'S CANDY SHOP and GRANDPA JOE'S tradenames and service marks in connection with the products and services it provides prior to Rosewood's application and U.S. Reg. No. 6717277 for GRANDPA JOE'S CANDY.

57.    The Candy Shop will be damaged by continued registration by Rosewood of the GRANDPA JOE'S CANDY mark.

58.    A judicial declaration canceling U.S. Reg. No. 6717277 for GRANDPA JOE'S CANDY is necessary and appropriate to resolve this controversy between the parties and afford the Candy Shop complete relief.

59.    For the foregoing reasons, the Court should order cancellation, pursuant to 15 U.S.C. § 1064(3) of U.S. Trademark Registration No. 6717263 for GRANPA JOE'S CANDY.

60.    The willful and intentional nature of Rosewood's conduct makes this an exceptional case under 15 U.S.C. § 1117(a).

61.   Given that this registration was obtained through willful fraud and intentional misrepresentation, any allegation of incontestability does not preclude cancellation pursuant to the terms of the Lanham Act.

**THIRD COUNTERCLAIM**
**CIVIL LIABILITY FOR FALSE OR FRAUDULENT REGISTRATION UNDER 15 U.S.C. § 1120**

62.   The Candy Shop realleges and incorporates by reference all preceding allegations in its Counterclaims.

63.   Upon information and belief, Rosewood procured its U.S. Trademark Reg. No. 6717263 for GRANDPA JOE'S CHOCOLATES and its U.S. Trademark Reg. No. 6717277 for GRANDPA JOE'S CANDY by a false or fraudulent representation or by false means as described above.

64.   As a result of Rosewood's false or fraudulent procurement of its trademark registrations, the Candy Shop has suffered and continues to suffer damages in an amount to be determined.  The Candy Shop will be damaged by U.S. Reg. Nos. 6717263 and 6717277 and seeks to cancel the same.  Namely, U.S. Reg. Nos. 6717263 and 6717277, based on Rosewood's overbroad and fraudulent listing of products and dates of first use, may preclude the Candy Shop from obtaining its own federally registered trademark for GRANDPA JOE'S CANDY SHOP or GRANDPA JOE'S, or potentially prevent the Candy Shop from using or expanding its use of its names and marks GRANDPA JOE'S CANDY SHOP and GRANDPA JOE'S, even though the Candy Shop used the GRANDPA JOE'S CANDY SHOP and GRANDPA JOE'S names and marks in connection with the products and services it provides prior to Rosewood's applications and U.S. Reg. Nos. 6717263 and 6717277 for GRANDPA JOE'S CHOCOLATES and GRANDPA JOE'S CANDY.

## FOURTH COUNTERCLAIM
## DECLARATORY JUDGMENT OF NO INFRINGEMENT OF
## A REGISTERED TRADEMARK UNDER 15 U.S.C. § 1114

65.   The Candy Shop realleges and incorporates by reference all preceding allegations in its Counterclaims.

66.   Rosewood's First Claim for Relief in its Complaint is titled Trademark Infringement of Federally Registered Trademark Nos. 3927138 and 5179283 under 15 U.S.C. § 1114(1). Federally Registered Trademark Nos. 3927138 and 5179283 are for the trademark FIRE CAM and are not owned, or even alleged to be owned, by Rosewood.  The Candy Shop does not use, and Rosewood does not further allege that the Candy Shop uses, the name and mark FIRE CAM.

67.   Given that Rosewood has not alleged any facts supporting its claim of trademark infringement of federally Registered Trademark Nos. 3927138 and 5179283 under 15 U.S.C. § 1114(1), and the Candy Shop has in fact never used the FIRE CAM trademark, the Candy Shop is entitled to a declaration by this Court that the Candy Shop has not infringed Federally Registered Trademark Nos. 3927138 and 5179283 under 15 U.S.C. § 1114(1) or any other statute, including under 15 U.S.C. § 1125(a).

68.   Rosewood's First Claim for Relief in its Complaint appears to allege that the Candy Shop further committed trademark infringement under 15 U.S.C. § 1114(1) by using the tradename and service mark GRANDPA JOE'S.  Rosewood only alleges that it owns an unregistered trademark application for the mark GRANDPA JOE'S.  Trademark infringement under 15 U.S.C. § 1114(1) requires infringement of a federally registered trademark, but GRANDPA JOE'S is not a federally registered trademark.

69.    Given that GRANDPA JOE'S is not a federally registered trademark, the Candy Shop is entitled to a declaration by this Court that the Candy Shop has not infringed the mark GRANDPA JOE'S under 15 U.S.C. § 1114(1).

70.    The Candy Shop does not use the trademarks GRANDPA JOE'S OLD FASHIONED CHOCOLATES, GRANDPA JOE'S CHOCOLATES, or GRANDPA JOE'S CANDY.

71.    The Candy Shop's use of its tradenames and service marks GRANDPA JOE'S CANDY SHOP and GRANDPA JOE'S is not likely to cause confusion or deceive customers as to the affiliation, connection or association with Rosewood or Rosewood's Registered Marks (U.S. Trademark Reg. No. 3220053 for GRANDPA JOE'S OLD FASHIONED CHOCOLATES; U.S. Trademark Reg. No. 6717263 for GRANDPA JOE'S CHOCOLATES; and U.S. Trademark Reg. No. 6717277 for GRANDPA JOE'S CANDY (hereafter "the Registered Marks")).  The Candy Shop's retail and wholesale services are provided under distinct tradenames, service marks and trade dress to different customers than Rosewood's customers and through different channels of trade than those utilized by Rosewood.  The Candy Shop's retail and wholesale services relate to different services than the products Rosewood sells under its Registered Marks.

72.    A judicial declaration that the Candy Shop has not infringed Rosewood's alleged Registered Marks, Registered Trademark Nos. 3927138 and 5179283 for FIRE CAM, and Rosewood's unregistered trademark application for the mark GRANDPA JOE'S under 15 U.S.C. §§ 1114(1), is necessary and appropriate to resolve this controversy between the parties and afford the Candy Shop complete relief.

73.    Accordingly, the Candy Shop is entitled to a declaration by this Court that the Candy Shop's use of the tradenames and service marks GRANDPA JOE'S CANDY SHOP and GRANDPA JOE'S does not infringe or otherwise violate Rosewood's purported rights in the

Registered Marks, Registered Trademark Nos. 3927138 and 5179283 for FIRE CAM, and Rosewood's unregistered trademark application for the mark GRANDPA JOE'S.

## FIFTH COUNTERCLAIM
## DECLARATORY JUDGMENT OF NO VIOLATION OF 15 U.S.C. § 1125(a)

74.    The Candy Shop realleges and incorporates by reference all preceding allegations in its Counterclaims.

75.    The Candy Shop's use of its tradenames and service marks GRANDPA JOE'S CANDY SHOP and GRANDPA JOE'S is not likely to cause confusion or deceive customers as to the affiliation, connection or association with Rosewood or any of Rosewood's registered or unregistered marks.  The Candy Shop's retail and wholesale services relate to different products under distinct names, marks and trade dress and are supplied to different customers than Rosewood's customers and through different channels of trade than those utilized by Rosewood. The Candy Shop's retail and wholesale services relate to different products than the products Rosewood sells under its Registered Marks.

76.    A judicial declaration that the Candy Shop has not infringed Rosewood's alleged trademarks under 15 U.S.C. §§ 1125(a) is necessary and appropriate to resolve this controversy between the parties and afford the Candy Shop complete relief.

77.    Accordingly, the Candy Shop is entitled to a declaration by this Court that the Candy Shop's use of the names and marks GRANDPA JOE'S CANDY SHOP and GRANDPA JOE'S does not infringe or otherwise violate Rosewood's purported rights in any of its registered or unregistered marks.

## SIXTH COUNTERCLAIM
## COMMON LAW UNFAIR COMPEITION

78.   The Candy Shop realleges and incorporates by reference all preceding allegations in its Counterclaims.

79.   By virtue of Rosewood's procurement of U.S. Trademark Reg. No. 6717263 for GRANDPA JOE'S CHOCOLATES and its U.S. Trademark Reg. No. 6717277 for GRANDPA JOE'S CANDY, and its attempted procurement of a federal registration for GRANDPA JOE'S, by, upon information and belief, false or fraudulent representations or by false means as described above, and its subsequent allegations of intentional infringement of the Plaintiff's Rosewood Marks by the Candy Shop and communications with at least the Candy Shop and its representative Anne McGilvray & Company ("AMC") regarding such allegations in an attempt to interfere with the contractual relationship between at least the Candy Shop and AMC, all in an effort to obtain an unfair competitive advantage in the marketplace, Rosewood has violated state unfair competition law under Pennsylvania Law.

80.   Rosewood has attempted to use its fraudulent procurement of the Registered Marks, its attempted fraudulent procurement of the GRANDPA JOE'S trademark, and its subsequent communications with the Candy Shop, AMC and the public to divert or damage the Candy Shop's business and contractual relationships, expectancies, and opportunities to the detriment of the Candy Shop.

81.   Rosewood's actions constitute unfair competition.  The actions were intentional and calculated to obtain an unfair competitive advantage in the marketplace and to injure the Candy Shop in the marketplace.  The actions are unfair and wrongful and done with the intent of damaging the Candy Shop's business interests.

82.    Rosewood's conduct has caused and will continue to cause irreparable injury to the Candy Shop, its business reputation, its business and contractual relationships, and its goodwill. The Candy Shop has no adequate remedy at law and the Candy Shop will continue to be irreparably harmed unless and until Rosewood is preliminarily and permanently enjoined from these actions.

83.    Rosewood's conduct was gross, wanton, malicious, oppressive, and showed spite, ill will, and reckless indifference to the interests of others.  The conduct evidences an evil hand guided by an evil mind.  As a result, Rosewood is liable for punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the Candy Shop respectfully requests that the Court enter judgment in its favor and issue an order:

A.    Denying all relief requested in the Complaint;

B.    Dismissing the Complaint in its entirety with prejudice and entry of judgment in favor of the Candy Shop;

C.    Cancelling U.S. Trademark Registration No. 6717263;

D.    Cancelling U.S. Trademark Registration No. 6717277;

E.    Dismissing any claim based on U.S. Trademark Application Ser. No. 97354124 as it is not yet ripe for consideration;

F.    Declaring that the Candy Shop does not infringe and has not infringed, in any way, any trademark rights of Rosewood;

G.    Declaring that the Candy Shop does not and has not, in any way, engaged in false designation of origin or unfair competition with Rosewood;

H.    Enjoining Rosewood from any further attempts to fraudulently procure trademark rights and obtain an unfair competitive advantage in the marketplace;

I.      Ordering Rosewood to pay compensatory and punitive damages in an amount to be determined, based upon the foregoing acts of Rosewood;

J.      Awarding to the Candy Shop its attorneys' fees and costs incurred in connection with this action, including those incurred in defending against the allegations in the Complaint; and

K.      Granting the Candy Shop such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

The Candy Shop demands a jury trial on all issues so triable by jury alleged or relating to this litigation including this Complaint, Answer and Counterclaims pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

**THE WEBB LAW FIRM**

Dated: December 19, 2022

s/ *Barry J. Coyne*
Cecilia R. Dickson (PA ID No. 89348)
Barry J. Coyne (PA ID No. 77007)
One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
412.471.8815
412.471.4094 (fax)
cdickson@webblaw.com
bcoyne@webblaw.com
*Attorneys for Defendant Chris Beers Ventures LLC, d/b/a Grandpa Joe's Candy Shop*

No. 2:20-cv-01500-CCW

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 19th day of December, 2022, I electronically filed the foregoing **DEFENDANT CHRIS BEERS VENTURES LLC, D/B/A GRANDPA JOE'S CANDY SHOP ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO ROSEWOOD FARMS COUNTRY GIFTS, LLC'S COMPLAINT** with the Clerk of the Court using the CM/ECF system which sent notification to all counsel of record.

THE WEBB LAW FIRM

*s/ Barry J. Coyne*
Barry J. Coyne