UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| Rosewood Farms Country Gifts, LLC, a Missouri Limited Liability Company,<br><br>Plaintiff<br><br>v.<br><br>Chris Beers Ventures LLC d/b/a Grandpa Joe's Candy Shop,<br><br>Defendant. | Case No. **22-cv-1360**<br><br>**FIRST AMENDED COMPLAINT**<br><br>**JURY DEMAND**<br><br>_____**(Judge Stickman)**_____ |

Plaintiff Rosewood Farms Country Gifts, LLC (hereinafter "Rosewood" or "Plaintiff"), for its first amended complaint against defendant Chris Beers Ventures LLC d/b/a Grandpa Joe's Candy Shop (hereinafter "Candy Shop" or "Defendant"), by and through undersigned counsel, alleges as follows:

## OVERVIEW

1. Rosewood owns the federally registered marks GRANDPA JOE'S OLD FASHIONED CHOCOLATES, U.S. Trademark Reg. No. 3220053; GRANDPA JOE'S CHOCOLATES, U.S. Trademark Reg. No. 6717263; and GRANDPA JOE'S CANDY, U.S. Trademark Reg. No. 6717277 (Attached hereto as Exhibit A, and hereinafter referred to as the "Registered Marks").

2. Rosewood also has rights, including common law rights, in the trademark, service mark, and trade name GRANDPA JOE'S, and has a pending U.S. trademark application for the same, U.S. Trademark Ser. No. 97354124 (Attached Hereto as Exhibit

B). These rights, along with Rosewood's Registered Marks, are collectively referred to hereinafter as the "Rosewood Marks."

3.  Rosewood Farms Country Gifts, LLC is a Missouri limited liability company that makes and sells a number of goods including candies, chocolate based products, sauces, snacks and more. For over the past 20 years, Rosewood has continuously offered goods in interstate commerce in conjunction with the Rosewood Marks throughout the United States through various means, including via the internet at its website www.grandpajoeschocolates.com, a screen shot of which is attached as Exhibit C.

4.  Upon information and belief, Defendant Chris Beers Ventures LLC (d/b/a Grandpa Joe's Candy Shop) ("Candy Shop") is a Pennsylvania domestic Limited Liability Company formed on or about April 23, 2018. Candy Shop owns several a brick-and-mortar stores in Florida, Ohio and Pennsylvania under the name Grandpa Joe's Candy Shop. Defendant expanded its business nationwide with wholesale sales in or after the year 2020. Defendant further has a website, www.grandpajoescandyshop.com, where it sells goods nationally under the Grandpa Joe's Candy Shop name, a screenshot of which is provided as Exhibit D. Defendant's use of the Grandpa Joe's Candy Shop name is confusingly similar to the Rosewood Marks and in direct competition with Plaintiff.

5.  Defendant's actions, as outlined above, damage the reputation and goodwill Plaintiff has built up in the Rosewood Marks, and confuse customers into believing that in dealing with Defendant, they are in fact dealing with Rosewood.

6.  Defendant's infringement of the Rosewood Marks further unfairly allows Defendant to profit as a result of Rosewood's national success with the Rosewood Marks, and Rosewood goods sold in conjunction with those marks.

7.  Plaintiff first became aware of Defendant in May of 2021 when a customer called Plaintiff believing that it was Defendant. Later in May of 2021, Defendant reached

out to Plaintiff to request a consent to register agreement for Defendant to register the Grandpa Joe's Candy Shop name, to which Plaintiff refused.

8. On October 21, 2021, Rosewood sent a letter to Defendant demanding that it cease and desist from all unlawful use of a mark confusingly similar to the Rosewood Marks. Defendant responded with a letter dated November 16, 2021 from its counsel refuting infringement and offering to discuss alternative avenues of resolution.

9. On May 9, 2022 Plaintiff sent a follow-up letter reiterating its position that Defendant cease and desist use of the confusingly similar Grandpa Joe's Candy Shop name.

10. A response letter dated June 21, 2022 from Defendant was received reiterating its position of non-infringement.

11. Defendant advertises and sells its products through Anne McGilvray & Company ("AMC"), an online professional sales, marketing and advertising company.

12. On numerous occasions, including as recent as August 31, 2022, AMC has sent email advertisement to Plaintiff advertising Defendant's products using the Plaintiff's mark. A true and correct copy the email is attached as Exhibit E.

13. After Plaintiff notified Defendant of Plaintiff's rights Defendant intentionally opened additional stores selling products bearing the infringing marks.

14. Plaintiff seeks monetary and injunctive relief pursuant to its claims arising out of Defendant's willful infringement and unauthorized use of Plaintiff's Rosewood Marks.

## PARTIES

15. Rosewood Farms Country Gifts, LLC is a Missouri limited liability company with its principal place of business located at 7345 Highway 5, Hartville, Missouri 65667. Rosewood makes and sells a number of goods including candies, chocolate-based products,

sauces, snacks and more. Rosewood is the owner of trademark rights on which the claims of relief asserted herein are based.

16. Upon information and belief, Defendant Chris Beers Ventures LLC d/b/a Grandpa Joe's Candy Shop is a Pennsylvania limited liability company with an address at 663 Woodland Road, Canonsburg, Pennsylvania 15317.

17. Defendant operates a store and business that sells retail and wholesale goods in direct competition with Plaintiff.

## JURISDICTION AND VENUE

18. This is an action for trademark infringement arising under 15 U.S.C. §§ 1114(1) and 1125.

19. This Court has subject matter jurisdiction over the claims pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121.

20. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because the Defendant is domiciled and/or reside and conduct their business in this judicial district, and because a substantial part of the events giving rise to the claims occurred in this judicial district.

21. This Court has personal jurisdiction over Defendant because the Defendant is a resident of Pennsylvania.

## ALLEGATIONS

### Plaintiff's Business and the Rosewood Marks

22. Plaintiff Rosewood is a long-standing, well-known company that makes and sells candies, various chocolate products, sauces, snacks and the like.

23. Rosewood solicits and receives customer orders for its goods through various means, including via the internet at its website www.grandpajoeschocolates.com.

24. On or about January 1, 2002, Rosewood created, adopted and commenced use of the Rosewood Marks, and has continuously used the Rosewood Marks in interstate commerce since that date in conjunction with the sale and marketing of its goods.

25. As a result of the time, effort and money invested in its business, Rosewood has achieved a reputation for high quality in candies, various chocolate products, sauces, snacks and the like.

26. As a result of its reputation for excellence, Rosewood enjoys substantial demand for, and sales of, its goods to consumers.

27. Together with its reputation for excellence, Plaintiff enjoys tremendous goodwill in its Rosewood Marks.

28. The Rosewood Marks have been extensively used by Rosewood in United States interstate commerce in connection with advertising and promoting Rosewood's goods on Rosewood's website and in other publications and advertising.

29. The Rosewood Marks are prominently presented on Rosewood's website, advertisements, and product packaging.

30. The Rosewood Marks have been extensively and continually advertised and promoted by Rosewood within the United States for the past twenty plus years.

31. Substantial amounts of time, effort and money have been expended over the years in ensuring that the purchasing public associates the Rosewood Marks exclusively with Rosewood.

32. Since at least as early as 2005, Rosewood has operated its website available at www.grandpajoeschocolates.com. Rosewood's website is an important resource used

constantly by the general public, receiving hundreds of "hits" or visits each day. Rosewood spends substantial resources each year operating and maintaining its website. Moreover, Rosewood spends substantial resources each year promoting and advertising its website and products under the Rosewood Marks.

33. The Rosewood Marks are widely known and recognized among consumers of the candy and chocolate industry in the United States.

34. The Rosewood Marks are unique and distinctive and, as such, designate a single source of origin.

35. As a result of Rosewood's extensive and exclusive use, the Rosewood Marks have developed extensive goodwill in the marketplace.

36. By virtue of the extensive scope of the sales made and the sums spent to advertise and promote goods under the Rosewood Marks, such marks have acquired strong secondary meaning in the minds of the purchasing public and the business community, and are highly distinctive, and serve uniquely to identify Rosewood goods.

37. Through widespread and favorable public acceptance and recognition, these marks have become assets of tremendous value as symbols of Rosewoods goods.

38. Having been promoted to the general public, and having exclusively identified Rosewood and its goods, the Rosewood Marks symbolize the tremendous goodwill associated with Rosewood and are a property right of tremendous value.

39. The Rosewood Marks are valid and enforceable trademarks.

40. Rosewood is the owner of the following registrations and application on the Principal Trademark Register of the Unites States Patent and Trademark Office: Reg. Nos, 3220053, 6717263, and 6717277, with Reg. No. 3220053 being incontestable; and Ser. No.

97354124. A copy of the registration certificates and pending application are attached as Exhibits A and B respectively.

41. The Registered Marks are valid, subsisting, and in full force and effect.

**Defendant's Business and Infringing Conduct**

42. Upon information and belief, Defendant is engaged in the business of selling candy, chocolates, snacks and the like of others through brick-and-mortar stores and online through its website.

43. Defendant uses and have used its website to transact business in interstate commerce, including taking and fulfilling orders for its candies, chocolates, snacks and the like, as shown in Exhibit D.

44. Defendant uses the moniker GRANDPA JOE'S CANDY SHOP to ship products to multiple states within the United States, including within this judicial district.

45. Defendant has known about the Rosewood Marks since at least as early as May 2021 when Defendant contacted Plaintiff for consent.

46. Defendant, after October 2021, took additional action to further confuse the origin of the goods it sold by utilizing the Rosewood Marks in various new infringing ways, such as, but not limited to, creating and selling sodas under the name GRANDPA JOE'S OLD FASHIONED SODA, attached hereto as Exhibit E.

47. Defendant's use of the monikers GRANDPA JOE'S CANDY SHOP and GRANDPA JOE'S OLD FASHIONED SODA (hereinafter the "Infringing Marks") is confusingly similar to and infringes the Rosewood Marks.

## FIRST CLAIM FOR RELIEF
**(Trademark Infringement of Federally Registered Trademark Nos. 3220053, 6717263, and 6717277 under 15 U.S.C. § 1114(1))**

48. Plaintiff incorporates by reference all averments set forth in the paragraphs above as if fully rewritten herein.

49. Defendant's use in commerce of the Infringing Marks and variations thereof in association with its goods and services is and was likely to cause confusion, mistake or to deceive consumers.

50. The above-described acts of Defendant constitute trademark infringement in violation of 15 U.S.C. § 1114(1), entitling Plaintiff to relief.

51. Defendant has unfairly profited from the infringing acts alleged, in an amount to be determined at trial.

52. By reason of Defendant's acts, Plaintiff has suffered damage to the goodwill associated with Plaintiff's Registered Marks.

53. Defendant's activities have irreparably harmed and, if not enjoined, will continue to irreparably harm, Plaintiff and Plaintiff's Registered Marks.

54. Defendant's activities have irreparably harmed, and if not enjoined, will continue to irreparably harm the general public, who has an interest in being free from confusion, mistake, and deception.

55. By reason of Defendant's acts, Plaintiff's remedy at law is not adequate to compensate Plaintiff for the injuries inflicted by Defendant. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief against Defendant pursuant to 15 U.S.C. § 1116.

56. By reason of Defendant's willful acts, Plaintiff is entitled to damages, and that those damages be trebled under 15 U.S.C. § 1117.

57. This is an exceptional case, making Plaintiff eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

58. The infringement by the Defendant has been willful and deliberate, designed specifically to trade upon the enormous goodwill associated with Plaintiff's Registered Marks.

59. Defendant's infringement will continue unless enjoined by this court.

### SECOND CLAIM FOR RELIEF
**(False Designation of Origin/Trademark Infringement Under 15 U.S.C. § 1125(a))**

60. Plaintiff incorporates by reference all averments set forth in the paragraphs above as if fully rewritten herein.

61. Plaintiff is the exclusive owner of Rosewood Marks.

62. Defendant's use of the Infringing Marks is confusingly similar to and infringes the Rosewood Marks.

63. Defendant's use in commerce of the Infringing Marks and variations thereof is likely to cause confusion, or to cause mistake, or to deceive the relevant public that products offered by Defendant are authorized, sponsored, or approved by, or are affiliated with, Plaintiff.

64. Defendant's use of the Infringing Marks and variations thereof is likely to cause confusion among the general public.

65. The above-described acts of the Defendant constitute trademark infringement of Plaintiff's Rosewood Marks, and false designation of origin in violation of 15 U.S.C. § 1125(a), entitling Plaintiff to relief.

66. Defendant has unfairly profited from the actions alleged in an amount to be determined at trial.

67. By reason of Defendant's acts alleged herein, Plaintiff has suffered damage to the goodwill associated with Plaintiff's Rosewood Marks.

68. Defendant's activities have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiff and Plaintiff's Rosewood Marks.

69. Defendant's activities have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public, which has an interest in being free from confusion, mistake and deception.

70. By reason of Defendant's acts alleged herein, Plaintiff's remedy at law is not adequate to compensate Plaintiff for the injuries inflicted by Defendant. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief against Defendant pursuant to 15 U.S.C. § 1116.

71. By reason of Defendant's willful acts, Plaintiff is entitled to damages, and that those damages be trebled, under 15 U.S.C. § 1117.

72. This is an exceptional case, making Plaintiff eligible for an award of attorneys' fees under 15 U.S.C. §1117.

73. Defendant's use of the infringing Grandpa Joe's name constitutes a false designation of origin which is likely to deceive consumers into believing that Defendant's goods and services are those of the Plaintiff, and, as a consequence, are likely to divert customers away from the Plaintiff.

74. Plaintiff has no control over the nature and quality of the goods provided and services rendered by Defendant. Any failure, neglect or default by Defendant in providing such goods and services will reflect adversely on Plaintiff as the believed source of origin

thereof, hampering efforts by Plaintiff to continue to protect its reputation in the marketplace, resulting in loss of sales and the considerable expenditures to promote its goods and services under Plaintiff's Rosewood Marks, all to the irreparable harm of the Plaintiff.

75. Defendant's false designation of origin will continue unless enjoined by this court.

### THIRD CLAIM FOR RELIEF
**(Unfair Competition)**

76. Plaintiff incorporates by reference all averments set forth in the paragraphs above as if fully rewritten herein.

77. By virtue of its intentional infringement of the Plaintiff's Rosewood Marks, Defendant has violated state unfair competition laws under Pennsylvania Law. *Mateson Chemical Corp. v. Veronon,* 2000 WL 680020, at *5 n.7 (E.D. Pa. May 9, 2000). *See also Advance Magazine Publrs. Inc. v. Vogye Intern.*, 123 F. Supp. 2d 790, 795 (D.N.J. 2000) (citing *A &H Sportswear, Inc.*, 237 F.3d at 201 - 11.)

78. Defendant has used Plaintiff's Rosewood Marks to divert or damage Plaintiff's business relationships, expectancies, and opportunities to the detriment of Plaintiff.

79. Defendant's actions will cause Plaintiff to lose the benefit of the substantial investment made in developing, marketing, and selling its goods. Defendant's improper actions, particularly after receiving the October 2021 letter, were intended to cause harm to Plaintiff.

80. Defendant's actions constitute unfair competition. The actions were intentional and calculated to injure Plaintiff in the marketplace. The actions are unfair and wrongful and done with the intent of damaging Plaintiff's business interests.

81. Defendant's conduct has caused and will continue to cause irreparable injury to Plaintiff, its business reputation, and its goodwill. Plaintiff has no adequate remedy at law and will continue to be irreparably harmed unless and until Defendant is preliminarily and permanently enjoined from these actions.

82. Defendant's conduct was gross, wanton, malicious, oppressive, and showed spite, ill will, and reckless indifference to the interests of others. The conduct evidences an evil hand guided by an evil mind. As a result, Defendant is liable for punitive damages.

## **DEMAND FOR JUDGMENT**

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

1. That a preliminary injunction be entered, enjoining Defendant, its agents, representatives, employees, assigns and suppliers, and all persons acting in concert or privity with Defendant, from engaging in the following activities:

   a. Registering, trafficking in, and using, in any manner, any name, confusingly similar to, or likely to dilute Plaintiff's Rosewood Marks or any other marks owned by Plaintiff;

   b. Using any of Plaintiff's Rosewood Marks or any other name, mark, designation or depiction in a manner that is likely to cause confusion regarding whether Defendant is affiliated or associated with or sponsored by Plaintiff, or that is likely to dilute the distinctiveness of Plaintiff's Rosewood Marks or any other marks owned by Plaintiff;

    c.    Engaging in trademark infringement, trademark dilution, counterfeiting, unfair competition, false advertising, false designation of origin, and passing off against Plaintiff, or misappropriation of Plaintiff's trademark rights;

    d.    Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (c) above.

2.    That the Court enter a final judgment that Defendant has:

    a.    Violated Plaintiff's rights in the Rosewood Marks in violation of 15 U.S.C. § 1114(1), and are liable to Plaintiff for damages for the same.

    b.    Violated Plaintiff's rights in the Registered Marks in violation of 15 U.S.C. § 1125, and are liable to Plaintiff for damages for the same.

    c.    Violated Plaintiff's rights in the Rosewood Marks as unfair competition; that Defendant's actions were intentional and calculated to injure Plaintiff in the marketplace; that Defendant's actions were done with the intent of damaging Plaintiff's business interests; and that Defendant's conduct has caused and will continue to cause irreparable injury to Plaintiff, its business reputation, and its goodwill.

3.    That the Court enter a Final Judgment:

    a.    Permanently enjoining Defendant, its agents, representatives, employees, assigns and suppliers, and all persons acting in concert or privity with Defendant, from engaging in the activities described in Paragraph 1 (a)-(d) above;

    b.    Ordering Defendant to account to Plaintiff for, and disgorge, all profits they have derived by reason of the unlawful acts complained of above;

c. Ordering Defendant to pay damages, in an amount to be determined at trials, and that those damages be trebled, under 15 U.S.C. § 1117;

d. Ordering Defendant to pay Plaintiff's reasonable attorneys' fees, prejudgment interest, and costs of this action under 15 U.S.C. § 1117;

e. Ordering Defendant to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner and form in which Defendant has complied with the injunction and judgment within thirty (30) days after the service of the injunction and judgment upon the Defendant;

f. Ordering Defendant to pay punitive damages in an amount to be determined, based upon the foregoing acts of the Defendant; and

g. Granting Plaintiff such other relief as the Court may deem appropriate.

DATED this **2nd** day of **February**, 2023.

By: **/s/Brian Samuel Malkin**
Brian Samuel Malkin, Esq.
Pa. ID. No. 70448
FERENCE & ASSOCIATES LLC
409 Broad Street
Sewickley, Pennsylvania 15143-1577
Phone: +1 (412) 741-8400
Email: bmalkin@ferencelaw.com

Anthony L. Meola, Esq. (pro hac vice)
SCHMEISER, OLSEN & WATTS, LLP
3 Manhattanville Road, Suite 105
Purchase, New York 10577
Telephone: (914) 825-1039
Facsimile: (866) 865-8362
Email: Ameola@iplawusa.com

*Attorneys for Rosewood Farms Country Gifts, LLC*